**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.

JEROME LEE BORDERS,
      *Defendant-Appellant.*

No. 02-4372

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-01-6-1)

Submitted: May 30, 2003

Decided: June 20, 2003

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Howard Sohn, HOWARD SOHN, P.A., Miami, Florida, for Appellant. Robert J. Conrad, Jr., United States Attorney, C. Nicks Williams, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jerome Lee Borders was convicted by a jury for conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2000), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2000). He was sentenced to life imprisonment and 240 months imprisonment, respectively. On appeal, Borders argues that the district court erred in: (1) denying his request for new counsel; (2) admitting testimony regarding his failure to file tax returns during the drug conspiracy; and (3) admitting statements made by his co-conspirators. He further maintains that the cumulative prejudice from the alleged errors below warrants a new trial. We affirm.

On appeal, Borders first maintains that the district court abused its discretion in denying his request for new counsel. This court reviews a district court's denial of a motion for substitution of counsel for an abuse of discretion. *United States v. Corporan-Cuevas*, 35 F.3d 953, 956 (4th Cir. 1994). An indigent defendant has no right to a particular attorney and can demand another attorney only for good cause. *United States v. Gallop*, 838 F.2d 105, 108 (4th Cir. 1988). Further, a defendant does not have an absolute right to substitution of counsel. *United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994). In evaluating whether the trial court abused its discretion in denying Borders' motion for substitution of counsel, this court must consider: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into Borders' complaint; and (3) "whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." *Id.*; *Gallop*, 838 F.2d at 108. We find no abuse of discretion in the court's denial of Borders' motion.

Borders next argues that the district court erred in admitting testimony regarding his failure to file tax returns during the drug conspiracy. Because defense counsel did not object to the admission of this testimony, this court reviews for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725 (1993). Under this standard, this court can only correct a forfeited error if: (1) there is an error; (2) it is plain; (3) the error affects the substantial rights of the party; and (4)

the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 730-31 (internal quotations omitted). We find no plain error in the admission of this testimony.

Borders also claims on appeal that the district court improperly admitted certain hearsay evidence in violation of Fed. R. Evid. 801 and 802. Rule 801(d)(2)(E) provides that statements by a co-conspirator, made during the course of and in furtherance of the conspiracy, are not hearsay. Accordingly, when the Government shows by a preponderance of the evidence that a conspiracy existed of which the defendant was a member, and that the co-conspirator's statements were made in furtherance of the conspiracy, the statements are admissible. *United States v. Neal*, 78 F.3d 901, 904-05 (4th Cir. 1996). To admit a co-conspirator's out-of-court statement, the Government must demonstrate the existence of the conspiracy by evidence extrinsic to the hearsay statements. *United States v. Stroupe*, 538 F.2d 1063, 1065 (4th Cir. 1976). Where the defense objects, this court reviews the district court's decision to admit such testimony for an abuse of discretion. *Neal*, 78 F.3d at 905. Admission of testimony, to which no objection is lodged, is reviewed for plain error. Fed. R. Crim. P. 52(b); *Olano*, 507 at 725. We have reviewed the disputed evidence and find no error in the admission of the evidence.

Last, Borders asserts that the cumulative prejudice arising from the trial court's errors deprived him of a fair trial and warrants a new trial. Under the cumulative error doctrine, errors subject to plain error review could satisfy requirements of establishing plain error if the combined effect of the errors "affected [the defendant's] substantial rights, even if individually neither error is sufficiently prejudicial." *United States v. Martinez*, 277 F.3d 517, 532 (4th Cir. 2002) (alteration added). In other incidents, errors subject to harmless error review may be reviewed in the aggregate to determine if reversal is warranted. *See, e.g.*, *United States v. Rivera*, 900 F.2d 1462, 1469-70 (10th Cir. 1990). We do not find that a new trial is warranted in this case.

Accordingly, we affirm Borders' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*